13-1534-cr (L)
United States v. Komasa

_____

August Term, 2013

(Argued: June 6, 2014                    Decided: August 28, 2014)

Docket Nos. 13-1534-cr(L); 13-1550-cr(Con)


_____


UNITED STATES OF AMERICA,

*Appellee,*

v.

THOMAS KOMASA, HEIDI KOMASA,

*Defendants-Appellants.*


_____


Before: POOLER, HALL, and LOHIER, *Circuit Judges*.

Thomas and Heidi Komasa appeal from their judgments of conviction, which were entered April 17, 2013 and April 22, 2013, respectively, in the United States District Court for the District of Vermont (William K. Sessions III, *J.*).  Both were convicted of mail, wire and bank fraud, and conspiracy, flowing from a

scheme to commit mortgage fraud. On appeal, they raise multiple challenges to their convictions. This opinion addresses their argument that the district court erred in admitting the loan application files for the mortgages at issue as self-authenticating pursuant to Rule 902(11) of the Federal Rules of Evidence. We consider the remainder of the Komasas' claims in a summary order published contemporaneously with this opinion.

Affirmed.

_____

ELIZABETH D. MANN, Tepper Dardeck Levins & Gatos, LLP, Rutland, VT, *for Defendant-Appellant Thomas Komasa*.

STEVEN YUROWITZ, Newman & Greenberg, New York, NY, *for Defendant-Appellant Heidi Komasa*.

GREGORY L. WAPLES, Assistant United States Attorney (Tristam J. Coffin, United States Attorney; Paul J. Van de Graaf, Assistant United States Attorney, *on the brief*), Burlington, VT, *for Appellee United States of America*.

POOLER, *Circuit Judge*:

Thomas and Heidi Komasa appeal from their convictions on multiple counts of mail, wire and bank fraud, and conspiracy, after a jury trial in the

United States District Court for the District of Vermont (William K. Sessions, III, *J.*). Their convictions flow from a mortgage fraud scheme in which the Komasas purchased and refinanced various residential properties in the greater Burlington area in the mid-2000s. Both appeal their convictions on a number of grounds, although this opinion is limited to their challenge to the district court's decision to admit the loan files at issue as self-authenticating pursuant to Rule 902(11) of the Federal Rules of Evidence. The remainder of the Komasas' claims are resolved in a summary order published contemporaneously with this opinion.

The Komasas argue that the district court abused its discretion in admitting the loan applications as self-authenticating pursuant to Rule 902(11) because the government failed to provide defendants with the written notice required by this rule. The district court excused the lack of written notice after finding that defendants had actual notice of the government's intention to admit the records as self-authenticating, satisfying the rule's purpose. As the district court's finding of actual notice was not clearly erroneous, we affirm.

**BACKGROUND**

A federal grand jury issued a superseding indictment against the Komasas on May 27, 2010, charging each of them with nine counts of mail, wire, and bank

fraud, and conspiracy, all in connection with the Komasas' obtaining various purchase-money mortgages between 2004 and 2006. Thomas Komasa was also charged with one count of scheming to defraud a local bank and credit union in a check scam. In broad terms, the superseding indictment alleged that the Komasas engaged in a cycle of obtaining purchase-money mortgages on various properties, only to refinance as real estate prices climbed, each time withdrawing the accrued equity.

Each mortgage was initiated by completing a Fannie Mae Form 1003, called the Uniform Residential Loan Application. These loan applications were the primary evidence in the government's case-in-chief. On the day the trial began, the government moved to admit the loan files related to each transaction at issue as self-authenticating documents pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence. Defendants objected:

> I don't believe they're admissible, your Honor. I think that there has been an absence of compliance with federal rule of evidence 902(11) which requires advance, written notice from the government of an intent to use self-authenticating documents.
>
> We have been given a variety of certificates over the course of this case. We have also been given a witness list that included a multitude of custodians of

> records. There has been no clear statement by the government of their intent to rely on self-authenticating documents, and that would be absolutely in violation of the rule.

App'x at 111-112.

The government conceded that it did not provide the written notice required by Rule 902(11), but argued that defense counsel were orally informed of its intent to proffer the loan files as self-authenticating. The district court declined to rule on the issue before trial, instead allowing defendants to renew their objection during trial.

Defendants did raise their objection to admitting the loan files as self-authenticating documents again at trial:

> [T]he government, by its own admission, has never given written notice of their intent to rely on self-authenticating documents. . . . The government, no less than any other litigant, is required to ensure that the evidence that it intends to offer is admissible, to anticipate objections from opposing parties, and to comply with the federal rules of evidence.

App'x at 165. Defense counsel argued that while the government submitted the authenticating certificates required by Rule 803(6) during the discovery period:

> they have also given me a list of witnesses that say the custodian of

5

records . . . could be called as a witness. It's not up to me to figure out in advance what they're going to do.

* * *

THE COURT: What are you thinking when they give you actually a self-authenticating document like a certificate under Rule 902, subsection 11 — and I'm sure that there must be a cover letter. They are giving you this certificate. Obviously that is the way by which they intend to introduce these documents.

App'x at 166-67. The district court admitted the loan files as self-authenticating documents, concluding that the certifications at issue complied with Rule 803(6), and "that the three requirements of [Rule 902(11)] [we]re met." App'x at 169.

After the jury delivered its verdict finding Thomas Komasa guilty on all ten counts of the superseding indictment, and Heidi Komasa guilty on all but Count Two of the charges against her, both defendants filed motions for judgments of acquittal, or, alternatively, for new trials. *United States v. Komasa*, No. 2:10-cr-72, 2012 WL 5392099 (D. Vt. Nov. 5, 2012). Thomas Komasa again

challenged the admissibility of the loan files as self-authenticating documents—a challenge again rejected by the district court:

> It is true the Government failed to provide written notice to the defendants that it intended to introduce the loan files as self-authenticating pursuant to Rule 902(11). However, the Government produced all loan files and business records certificates as part of discovery well in advance of trial. At a motions hearing in 2012, the Government represented orally that the loan files were admissible as self-authenticating records. It gave the defense copies of recently completed declarations from records custodians for six of the mortgage lenders on April 17, 2012, although some of those declarations did not comply with Rule 803(6). Other certifications were turned over later. Those certifications complied with Rule 803(6). On June 19, 2012, the Government turned over by email declarations which complied with the Rule and were intended to be offered into evidence. Those certifications indicated the records were kept in the course of a regularly conducted business activity, made in the regularly conducted business activity as a regular practice of the institution, and were made at or near the time of the occurrence of the matters set forth through automated processes or by, or from information transmitted by, a person with knowledge of those matters.

> The defense was clearly on notice that the Government sought to introduce the loan documents as business records under Rule 803(6), and that the documents were intended to qualify as self-authenticating under Rule 902(11). To be sure, the rule requires written notice. However, the Government

7

provided both oral notice and the certificates which were clearly for the purpose of notifying the defense the Government intended to introduce such documents as self-authenticating.  Given actual notice and substantial compliance with Rules 803(6) and 902(11), the Court permitted introduction of the documents. The Court reaffirms the decision here.

*Id.* at *3-4 (citation omitted).  These appeals followed.

# DISCUSSION

"The notion that certain documents are self-validating has origins in Roman law."  31 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure Evidence § 7131 (1st ed. 2000).  The current parameters for admitting documents as self-authenticating are set forth in Rule 902(11), which provides that:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

. . . . .

(11) The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection —so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). A record of regularly conducted business activity would be eligible for admission as self-authenticating under Rules 902(11) and 803(6) if the record is accompanied by a written declaration of its custodian, or other qualified person, who certifies that:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . .

Fed. R. Evid. 803(6). Rules 902(11) and 803(6) are thus designed to work in tandem.

Rule 902(11) was added to create "a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness." Fed. R. Evid. 902 advisory committee's note (2000 amendment). When Rule 902(11) was added, Rule 803(6) was also amended so "that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of

9

producing time-consuming foundation witnesses." Fed. R. Evid. 803 advisory committee note (2000 amendment).

We now turn to the issue of whether the district court properly admitted the loan files at issue here. "[W]e review evidentiary rulings only for abuse of discretion." *United States v. Contorinis*, 692 F.3d 136, 144 (2d Cir. 2012). A district court abuses its discretion if it commits an error of law, makes a clearly erroneous assessment of the evidence, or "render[s] a decision that cannot be located within the range of permissible decisions[.]" *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted).

There is no dispute here whether the written notice specified in Rule 902(11) was provided. The question before us is whether that requirement may be excused where an objecting party admits to having actual notice and an opportunity to challenge the Rule 902(11) evidence. Rule 902(11)'s notice requirement is "intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." Fed. R. Evid. 902 advisory committee's note (2000 amendment). The district court here found that while written notice was lacking, the defendants had actual notice of the government's intent through the government's oral representations of a plan to

proffer the documents as self-authenticating and also because the government provided the defendants with copies of the records and authenticating certificates. *Komasa*, 2012 WL 5392099 at *3-4. There is adequate evidence in the record to support that factual finding. The government turned over declarations from six of the mortgage lenders in April 2012, and while the certifications were not in complete compliance with Rule 803(6)(A)-(C), the final compliant versions of the certifications were provided before the trial began.

While not faced with the ideal set of circumstances, we cannot say the district court abused its discretion in admitting the documents as self-authenticating. This is especially the case because here, as defendants candidly admitted at oral argument, they did have a chance to challenge the authenticating certificates. *See, e.g., United States v. Daniels*, 723 F.3d 562, 579-81 (5th Cir. 2013) (central aspect of rule is to provide adverse party adequate time to investigate and challenge the adequacy of the underlying records). The defendants' reliance on *United States v. Brown* is inapposite, as the issue there was ultimately not just the timeliness of the notice but that there was no qualified witness to lay the foundation for the documents at issue. 553 F.3d 768, 793 (5th Cir. 2008).

That said, we caution that parties fail to comply with the Rule 902(11)'s written notice requirements at their own risk. As counsel for the government conceded at oral argument, a single sentence added to the cover letter forwarding the certifications and documents would have complied with the rule. The defendants admittedly had the loan files in question for more than two years, were orally informed of the government's intent to proffer the documents as self-authenticating and, given the nature of the case, could not be surprised by the government's decision to introduce them at trial.

We also reject defendants' challenge to the certifications accompanying the loan documents. At trial, defendants objected to the use of the certificates because at least some of the certificates averred that the records at issue were kept or generated via an "automated process." App'x at 159. Defendants argue that "[t]here is no provision in the Federal Rules of Evidence for the introduction of documents "'made' through automated process in the absence of testimony from the custodian of records . . . regarding the automated processes." The district court found the certificates were adequate because Thomas Komasa had demonstrated:

no basis to evaluate the admissibility of documents obtained from computer recovery systems differently than documents obtained by personal review of records, assuming there is suitable authentication by persons in the position to testify to their authenticity. Here, the certifications adequately laid the foundation for the trustworthiness of the records. The fact that the documents were obtained by automated processes does not affect their admissibility.

*Komasa*, 2012 WL 5392099, at *4.

We agree with the district court's assessment that as a practical matter, the fact that the documents were obtained by an automated process does not affect their admissibility in this case. To lay a proper foundation for a business record, a custodian or other qualified witness must testify that the document was "'kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record].'" *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (quoting *United States v. Freidin*, 849 F.2d 716, 719–20 (2d Cir. 1988) (alteration in *Williams*)). "The custodian need not have personal knowledge of the actual creation of the document" to lay a proper foundation. *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995) (internal quotation marks omitted); *see also United States v. Jakobetz*, 955 F.2d 786, 800-01 (2d Cir. 1992) (holding that a toll receipt incorporated into a business's records

13

qualified as a business record, despite the fact that its custodian had no knowledge of the toll receipt's preparation, because the receipt had been so embedded in the company's business records to allow such an inference of authenticity); *In re Ollag Constr. Equip. Corp.*, 665 F.2d 43, 46 (2d Cir. 1981) (finding that "business records are admissible if witnesses testify that the records are integrated into a company's records and relied upon in its day-to-day operations," and noting that the relevant financial statements were requested by a bank and were regularly used by the bank to make decisions whether to extend credit).  Using an "automated process" to compile the records in question does not render the documents inadmissible.

Because we conclude that the district court properly admitted the mortgage loan files as self-authenticating documents, we do not address the district court's alternate determination that the documents were properly admitted under the residual hearsay rule, Rule 807(a) of the Federal Rules of Evidence.

## CONCLUSION

For the reasons stated above, as well as the reasons stated in the accompanying summary order, the judgments of the district court are affirmed.